IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OXMOOR LAND, LLC,<br>    Plaintiff,<br><br>            v.<br><br>DAVID HEWITT and TAMMY HEWITT,<br>    Defendants. | Civil Action No.<br>1:22-cv-04955-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Oxmoor Land, LLC's (Oxmoor) motion to remand [ECF 17] and Defendants David and Tammy Hewitt's motion for the Court to accept their joint preliminary report and discovery plan [ECF 16]. After careful review of the parties' briefings, the Court **GRANTS** Oxmoor's motion to remand. The Hewitts' motion is therefore **DENIED AS MOOT**.

Defendants removed this case from the Superior Court of Fulton County, Georgia on December 15, 2022.[1] On June 9, 2023, Oxmoor moved to remand the case for lack of subject matter jurisdiction.[2] It argues that Defendants failed to establish that complete diversity existed at the time of removal.[3]

---

[1]    ECF 1.

[2]    ECF 17.

[3]    *Id.* at 3.

A civil action originally filed in state court can be removed to the federal district court embracing the state court if the district court has original jurisdiction over the case. 28 U.S.C. § 1441(a); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (citation omitted). A federal district court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332. A federal district court also has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. In a removal action, the party asserting jurisdiction has the burden of establishing proof of jurisdiction by a preponderance of the evidence. *McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298 U.S. 178, 189 (1936). Here, as the removing parties, Defendants assert subject matter jurisdiction based on diversity,[4] and they bear the burden of proving it. *Id.* (citation omitted).

Challenges to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) come in two forms, "facial" and "factual" attacks. *Lawrence v. Dunbar*, 919 F.2d 1525, 1528–29 (11th Cir. 1990). Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as

---

4   ECF 1, ¶ 6.

true in deciding whether to grant the motion. *Id.* at 1529. Factual attacks challenge subject matter jurisdiction irrespective of the pleadings. *Id.* In resolving a factual attack, the district court may consider extrinsic evidence such as affidavits. *Id.* Here, Oxmoor's motion to remand relies on extrinsic evidence to challenge Defendants' factual allegations supporting diversity jurisdiction. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003).

Oxmoor contends that Defendants failed to establish complete diversity because they incorrectly alleged the citizenship of one of Oxmoor's members, Thomas A. Richardson (Richardson).[5] Oxmoor insists Richardson is and was a citizen of the State of Alabama at the time of removal, not a "resident" of Georgia.[6] Defendants offer no evidence to prove their allegations. Rather, they attempt to rebut Oxmoor's factual attack on jurisdiction through three arguments: (1) Oxmoor untimely moved to remand and therefore waived any objection to subject matter jurisdiction; (2) Defendants' counterclaim establishes jurisdiction because it asserts a federal question; and (3) Richardson was fraudulently joined.[7] Defendants' arguments have no merit.

---

[5]   ECF 17, ¶ 18.

[6]   *Id.*

[7]   ECF 20, at 5.

First, it is axiomatic that a Rule 12(b)(1) lack of subject-matter defense cannot be waived. Fed. R. Civ. P. 12(h)(3). "The jurisdiction of a court over the subject matter of a claim involves the court's competency to consider a given type of case and cannot be waived or otherwise conferred upon the court by the parties. Otherwise, a party could 'work a wrongful extension of federal jurisdiction and give district courts power the Congress denied them.'" *Jackson v. Seaboard Coast Line R.R.*, 678 F.2d 992, 1000–01 (11th Cir. 1982) (quoting *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951)) (internal footnotes and citations omitted). *See also* 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect **other than lack of subject matter jurisdiction** must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.") (emphasis added).

Next, a defendant cannot establish subject-matter jurisdiction by raising federal question counterclaims. *Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. ---, 139 S. Ct. 1743, 1748 (2019); *Matthew v. Country Wide Home Loans, et al.*, 2007 WL 4373125, at *2 (N.D. Ga. Dec. 11, 2007) (citations omitted). Even if it was true that a defendant could establish subject matter jurisdiction through a counterclaim, which it cannot, Defendants here asserted their counterclaim three weeks *after*

removing the case.[8] *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773 (11th Cir. 2010) (A "defendant must submit evidence demonstrating the existence of federal jurisdiction at the time of the filing of the removal petition itself and cannot rely on post-petition evidence to support jurisdiction.").

Finally, Defendants' claim that Richardson was "fraudulently joined" is nonsensical. Richardson is not a party that was joined, he is a member of Oxmoor, which is a limited liability company. For purposes of diversity of citizenship, an LLC is a citizen of each state in which any of its members are citizens. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings LLC*, 374 F.3d 1020, 1022 (11th Cir. 2004). Because Richardson is an Alabama citizen,[9] Oxmoor is an Alabama citizen. That fact is immutable unless and until Richardson sells his interest in Oxmoor to someone with a different citizenship, and there is no dispute that Richardson was a member of Oxmoor at the time of Defendants' removal. Because Defendants are likewise Alabama citizens,[10] complete diversity between the parties does not exist, and subject matter jurisdiction is lacking.

---

[8]   ECF 3.

[9]   ECF 17-1, at 2.

[10]  ECF 17, ¶ 22.

Insofar as Defendants argue that Oxmoor dragged its feet in responding to discovery requests and identifying Richardson as its member,[11] that assertion might properly have been the subject of a motion to compel but is not a basis for this Court to deny remand where subject matter jurisdiction has not been established. Further, to the extent Defendants dispute Richardson's Alabama citizenship,[12] Defendants bore the burden to rebut Oxmoor's factual attack on jurisdiction with affirmative proof. They failed to do so, let alone by a preponderance of the evidence. In any event, any uncertainties about Richardson's citizenship, and therefore Oxmoor's citizenship, should be resolved in favor of remand. *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013).

---

[11]   ECF 20, at 3.

[12]   *Id.*

For these reasons, Oxmoor's Motion to Remand [ECF 17] is **GRANTED**. Defendants' motion for the Court to accept the joint preliminary report and discovery plan [ECF 16] is **DENIED AS MOOT**. The Clerk of Court is **DIRECTED** to remand this action to the Superior Court of Fulton County, Georgia.

**SO ORDERED** this 25th day of September, 2023.

_____
Steven D. Grimberg
United States District Court Judge